Filed 10/09/25

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-01705

| S H-T (A minor child), et al v. Meghan O'Neill, et al |
|---|

## ENTRY REGARDING MOTION

Title: Motion to Dismiss; Motion ; to Find Richard W. Hone a Vexatious Litigant
(Motion: 5; 6)
Filer: Mark F. Werle; Mark F. Werle
Filed Date: September 09, 2025; September 09, 2025

The motion is GRANTED IN PART and DENIED IN PART.

On September 5, 2025, this Court directed Plaintiff Richard Hone to file an explanation under V.R.C.P. 12(e) as to this basis for asserting Vermont jurisdiction over the various defendants in this action. The Court gave Plaintiff 14 days to comply with this Order. To date, Plaintiff has not complied with this Order or made any additional filings. Therefore, the Court will take up the issue of long-arm jurisdiction. It will also address Dr. Khrizman's Motion to Dismiss and Motion to Determine Plaintiff Hone a Vexatious Litigant as both motions are ripe and unopposed.

1. <u>Long-Arm Jurisdiction Issues and V.R.C.P. 12(b)(2)</u>

By way of background, Plaintiff and his daughter are New Jersey residents who do not live in Vermont. They do not own real estate or property in Vermont, and there is no evidence that they have any regular contact with the State of Vermont. None of the Defendants listed in Plaintiff's nine amended complaints filed in quick succession between April 18, 2025 and June 17, 2025, live in Vermont or appear to have any meaningful connections to the State. The incidents described and detailed in Plaintiff's complaints did not occur in Vermont but appear to have occurred in New Jersey. From Plaintiff's various filings, the sole connection between Vermont and any of the parties appears to be the allegation that Plaintiff visited Vermont and took phone calls in the state to his cell phone from one or more of the defendants, in which he discussed issues associated with the case.

Even if the Court was to credit these factual allegation in a light most generous to Plaintiff—which would be to presume for the purposes of this motion, that the calls occurred, that they involved some of the defendants, that the parties discussed issues related to Plaintiff's claims, and that Plaintiff indicated during the call that he was in Vermont—they do not constitute the type of meaningful contact that an out-of-state individual or entity must have with the State for jurisdiction to arise. *Schwartz v. Frankenhoff*, 169 Vt. 287, 297–98 (1999) (letters and telephone calls to the forum state are insufficient by themselves to create jurisdiction). As the Court noted in its earlier decision dismissing Defendant Gallardo, the Court must look at the nature and quality of the defendants' contacts with the forum state and determine if they were actions purposefully directed at Vermont and would have given them a reasonable expectation of being hailed into a Vermont court. *Fox v. Fox*, 2014 VT 100, ¶¶ 26, 27; see also *Dall v. Kaylor*, 163 Vt. 274, 275–76 (1995). Making a phone call to a New Jersey resident who is visiting Vermont when he answers does not, in and of itself, constitute a minimum contact and does not give rise to jurisdiction. *Schwartz*, 169 Vt. at 297–98.

In this case, Defendants contacts with Vermont are de minimis, and even if the Court reached the issue of reviewing these contacts under our system's traditional notions of fair play and substantial justice, there would be no finding of jurisdiction. Id. For these reasons and pursuant to V.R.C.P. 12(b)(2), Plaintiff's complaint is **Dismissed** entirely.[1]

Defendant's Motion for Vexatious Litigation Determination

The next issue that the Court must take up involves Defendant Khrizman's motion to declare Plaintiff a vexatious litigant and to seek attorney's fees in derogation of the American Rule.

Defendant Khrizman cites to both Florida and New Jersey decisions declaring Plaintiff Hone to be a vexatious litigant.[2] The Florida Order issued by Fifth Circuit Court for Marion County Florida, Docket No. 2025-CA-1045 (July 1, 2025) collects a substantial list of cases in New Jersey

---

[1] Based on this dismissal for lack of jurisdiction, the Court does not reach the second issue in Defendant Khrizman's motion to dismiss concerning Plaintiff's ability to bring claims on behalf of his minor daughter. The Court did address this issue in its September 9, 2025 Order dismissing all claims against Defendant Gallardo, and the Court finds that the same analysis would apply here if the Court had cause to reach this issue.

[2] The Court takes judicial notice of these orders and copies have been attached as Exhibits A and C to Defendant Khrizman's Motion. *Sutton v. Purxycki*, 2022 VT 56, ¶ 20 (noting that a court may take judicial notice of court decisions at the motion to dismiss stage).

and Florida, at both the state and federal level that Plaintiff has filed since 2019.  These include 55 cases in New Jersey state court; 20, in the District of New Jersey's Federal Court; 18, in eight different Florida state courts; and 1 filed in Washington, D.C.  To this, we may now add the present action, Docket No. 25-CV-1705 and a second, identical complaint, that has been separately docketed as Docket No. 25-CV-2800.  The bulk of these cases appear to have been dismissed either with or without prejudice.  See *In re Matter of Richard Hone*, Docket No. OCN-L-18003-20 (Ocean Co. Sup. Ct. Aug. 21, 2020) (noting that out of 40 cases filed at that time, 24 had been dismissed with prejudice and 6 without prejudice).

In Vermont, Plaintiff has filed ten different complaints over the course of three months in two different dockets.  Plaintiff has sought to expand his claims with each filing and has sought to bring these claims against 32 different defendants, none of whom, to date, have been shown to have substantial contacts with the State of Vermont.

The common theme of both the Vermont cases and the bulk of the Florida, New Jersey, and related federal cases concern Plaintiff's divorce and child-custody disputes with his former spouse as well as the larger conspiracy that Plaintiff has drawn around his former spouse, family, various care providers, and other individuals.

The Court under V.R.C.P. 11 has the authority to impose pre-filing limitations on individuals whose filings continue to abuse the judicial process and harass other parties.  *Fox*, 2022 VT 27, at ¶ 35; see also *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).  When evaluating whether to impose such limitations, the Vermont Supreme Court has adopted five factors: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Fox*, 2022 VT 27, at ¶ 35.

The New Jersey and Florida determinations amply illustrate that Plaintiff Hone engaged in vexatious, harassing, and duplicative lawsuits in those states and that his actions garnered sanctions. While Plaintiff has only begun to demonstrate the same filing and litigation habits in Vermont, the

Court notes that the present Vermont cases appear to invoke many of the same claims, issues, and parties as the New Jersey and Florida litigation.

To date, the Court has made no determination of Plaintiff Hone's motive for filing the present litigation. While Defendant Khrizman has made representations regarding his motives drawn from conversations with defense counsel, this is not sufficient for the Court to find improper motive. This factor along with the fact that Plaintiff Hone is self-represented creates some ambiguity. While the jurisdictional defects of Plaintiff's claims might be glaring and obvious to a law-trained professional, they are not self-evident. Long-arm jurisdiction is an important but technical issue. Further, Plaintiff Hone has not sought to defend or justify his filings or argue against the legal issues that have been raised. In light of these factors, the Court cannot conclude that there is an improper motive that would link to the type of abuse of process that Rule 11 seeks to curb. While there does seems to be driving desire on Plaintiff Hone's part to right perceived wrongs and a misguided understanding that Vermont could be a forum for these claims, the Vermont filings have not reached the point where he has engaged in repetitive filings, sought impossible relief, or raised claims that have been determined to be objectively without merit.

As to the costs to the other parties, the Court will note that each Defendant is only named once between the two cases, and that both cases are being dismissed before any substantial expenses have been invested. Two out of the 32 defendants have filed motions, but the remainder have incurred no legal expense. The burden on the Court has not been substantial to date.

Finally, there is no evidence to show that a pre-filing limitation would be the least onerous sanction. The Court has dismissed the present case and will be dismissing Plaintiff's other case concurrently. Plaintiff has not opposed this dismissal by making blatantly unmeritorious arguments and has not, since the Court first raised the jurisdictional issue, pursued any additional filings that would serve no other purpose than to harass or abuse the court process. Given these circumstances, the Court is reluctant to impose such a penalty directly onto Plaintiff without proof that the normal relief accorded by Rule 12(b) is insufficient.

In declining to impose sanctions at this time, the Court in no way, shape, or form endorses Plaintiff's litigation or strategy. It is quite clear that there is no basis for Vermont to serve as a forum for Plaintiff's claims or his litigation aims against any of the Defendants in either the present

case or in Docket No. 25-CV-2800. Defendants lack connection to this State, and it is the improper forum. Repacking any of these claims or re-filing with edits will not change this situation.

Further based on Plaintiff's filings in Vermont, the Court puts Plaintiff Hone on notice that the Court may impose sanctions under V.R.C.P. 11 if similar complaints are filed with the same lack of jurisdictional basis or lack of compliance with the restrictions that Vermont puts on parents representing minors in civil cases without an attorney. *Snelgrove v. LeBlanc*, 2023 VT 114, ¶ 5. Such sanctions may include an order requiring Plaintiff Hone to obtain Vermont Counsel before the Court will accept any further filings or to obtain Court approval before any further pleadings would be permitted. The Court reserves the right to make this determination in response to the motion of any party or *sua sponte* if any future filings do not comply with the requirements of the Vermont Rules of Civil Procedure or the obligations of meaningful dues process requirements of long-arm jurisdiction.

## ORDER

Defendant Khrizman's Motion to Dismiss is **Granted.** The present matter is **Dismissed** based on the lack of jurisdiction over Defendants. V.R.C.P. 12(b)(2). Defendant's motion for attorney's fees and pre-filing limitations is **Denied at this time**, but the Court reserves the right to re-visit this decision if further filings undermine the basis for withholding such sanctions under Rule 11.

Electronically signed on 10/8/2025 6:35 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge